UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED

AUG 1 4 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CRIMINAL ACTION NO. 06-91-KSF

UNITED STATES OF AMERICA                                          PLAINTIFF


VS.                              OPINION AND ORDER


MICHAEL KIRK BYARS and
CATHERINE W. BAER                                                 DEFENDANTS

\* \* \* \* \* \* \* \*


This matter is before the Court on Defendant Catherine W. Baer's Motion to Dismiss [DE # 20] for lack of jurisdiction and for failure to charge an offense. Having been fully briefed, this motion is ripe for review. Defendant Michael Byars moved to adopt his co-defendant's motion to dismiss [DE #24].

I.     FACTUAL AND PROCEDURAL BACKGROUND

The indictment in the present case charges the Defendants with wire fraud pursuant to 18 U.S.C. § 1343 and § 1346. It alleges that Defendant Michael Byars and Defendant Catherine Baer aided and abetted each other to devise a scheme to defraud homeowner associations by concealing the fact that Byars had embezzled funds from their accounts while handling their accounts for a fee. It alleges that Defendant Baer altered bank records and falsified homeowner association reports to conceal the embezzlement. There were emails between the defendants discussing their plans and actions.

## A.    Defendant Baer's Motion to Dismiss

Defendant Baer first moves to dismiss her wire fraud charges on the ground that this Court lacks jurisdiction of the offense. She argues that the use of an interstate wire transmission is a jurisdictional element of the offense, and, as a part of that element, the defendant must know or reasonably foresee the use of interstate wire communication. The wire transmission relied upon in the indictment was an email from Georgetown, Kentucky, to Florence, Kentucky. Defendant Baer argues "it was not foreseeable for [her] to know, or reasonably foresee, that the email she received from Defendant Byars passed through Tennessee." [DE #20, p. 5]. Because she could not foresee the interstate nature of the mail, she contends a jurisdictional element of the charge has not been met.

In support Defendant Baer relies on general authority, such as *U.S. v. Griffith*, 17 F.3d 865, 874 (6th Cir. 1994), that it be reasonably foreseeable by the defendant that mail or wire services could be used to further a scheme. In addition, she says "the Fifth Circuit specifically held that unforeseeable interstate wire transmissions removed the Defendant from federal jurisdiction. *U.S. v. Brumley*, 59 F.3d 517, 520 (5th Cir. 1995)." [DE #20 p. 4]. She notes this case was "overturned on other grounds" relating to "more fundamental flaws in the indictment." *Id.* at footnote 1

For her second ground, Defendant Baer contends the United States has failed to charge an offense because it cannot show her specific intent to defraud. In support, she says the email in the indictment shows she was not previously aware that Defendant Byars misappropriated funds, that he was solely responsible for any fraud, that she had limited involvement with the bank accounts, and that she urged Defendant Byars to stop the misappropriations. Accordingly, Defendant Baer argues that, because she was not aware of nor a willing participant in Defendant Byars' embezzlement scheme and she did not have the requisite intent to harm or injure, the charges against her should be dismissed.

Alternatively, Defendant Baer argues that the Government is holding her, as an employee, vicariously liable for Defendant Byars' actions. She says there is no vicarious liability under the wire fraud statute. She claims that she did not owe any fiduciary duty to the home owners associations whose funds were allegedly misappropriated and that she never profited from Defendant Byars' conduct. Instead, she took action to end Defendant Byars' misappropriations.

**B.      The Response of the United States**

The United States argues in its Response [DE #22] that a motion to dismiss cannot be used to test the strength of the anticipated evidence and that this case presents factual and contested issues to be resolved at trial. It says it will present evidence that the email in the indictment traveled through a server in Nashville. It notes that Defendant Baer does not claim, as a matter of law, that this email is not an interstate wire communication. Instead, she asserts the fact that she could not reasonably have foreseen the interstate routing and, thus, raises a fact question for the jury. Moreover, the United States argues the wire fraud statute does not require the defendant to foresee that a wire would travel in interstate commerce. Because the Sixth Circuit has not addressed this specific issue, the Government argues, alternatively, that it is reasonably foreseeable that an email over the world wide web would cross interstate lines. Moreover, it says this is a question of fact to be decided at trial.

Regarding the sufficiency of the indictment to allege criminal intent, the United States notes the indictment charges Defendant Baer with concealing the embezzlement by altering and falsifying records and by omitting relevant information so that the embezzlement would not be discovered by the victims. It states it is not required to prove that she kept money for herself or that she intended permanent harm to anyone. As to whether she owed a fiduciary duty to the victims, the United States responds that this is a factual question to be decided by the jury. As an aider and abettor, however, she stands in the shoes of Defendant Byars with respect to that duty. In response to her claim that she is being held vicariously liable for the acts of her employer,

the United States says that vicarious liability is not alleged in the indictment, and the proof will show she made a conscious decision to hide the embezzlement.

II.  ANALYSIS

An indictment is sufficient "if it (1) 'contains the elements of the offense charged,' (2) 'fairly informs a defendant of the charge against which he must defend' and (3) 'enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Titterington*, 374 F.3d 453, 456 (6th Cir. 2004), quoting *Hamling v. United States*, 418 U.S. 87 (1974). "It has never been thought that an indictment, in order to be sufficient, need anticipate affirmative defenses." *Id.*, quoting *United States v. Sisson*, 399 U.S. 267 (1970).

To the extent that Defendant Baer claims that the indictment fails to charge an offense, it is the opinion of this Court that she merely raises factual questions to be decided by the jury at trial. For example, a defendant's motives and intentions are classic examples of questions of fact in most criminal trials.

Also without merit is Defendant Baer's argument that it is an element of wire fraud that a defendant know or reasonably foresee that a wire will involve interstate commerce. The Fifth Circuit case on which she relies for this proposition, *U.S. v. Brumley*, 59 F.3d 517, 520 (5th Cir. 1995), is not good law. See *United States v. Manges*, 110 F.3d 1162, 1173 (5th Cir. 1997) (Once rehearing en banc was granted, the panel decision was of no precedential value). The first Brumley opinion on which Defendant Baer relies was withdrawn and superseded upon rehearing, 79 F.3d 1430, 1432 (5th Cir. 1996), then vacated and rehearing en banc granted, 91 F.3d 676 (5th Cir. 1996) and then superseded by an opinion affirming the wire fraud convictions, 116 F.3d 728 (5th Cir. 1997). Obviously, the court changed its mind regarding whether an "unforeseeable interstate wire transmission removed the Defendant from federal jurisdiction." [DE # 20 p. 4]. Moreover, the Fifth Circuit subsequently decided the opposite in *United States v. Richards*, 204

4

F.3d 177 (5th Cir. 2000), *overruled on other grounds by United States v. Longoria*, 298 F.3d 367,

372 n. 6 (5th Cir. 2002).

> For a defendant to be convicted of wire fraud, it is sufficient that the defendant
> could reasonably have foreseen the use of the wires; **the interstate nature of the
> wire communication need not have been reasonably foreseeable**.

*Id.* at 207; emphasis added.

Other jurisdictions considering this issue have held there is no requirement that a

defendant "reasonably foresee" that the wire communications would travel interstate.  In *United*

*States v. Blassingame*, 427 F.2d 329, 330 (2d Cir. 1970), the court said:

> The [wire fraud] statute does not condition guilt upon knowledge that interstate
> communication is used.  The use of interstate communication is logically no part
> of the crime itself.  It is included in the statute merely as a ground for federal
> jurisdiction. *** If the wire employed is an interstate wire, the requirements for
> federal jurisdiction are satisfied.  **It is wholly irrelevant to any purpose of the
> statute that the perpetrator of the fraud knows about the use of interstate
> communication**.

(Emphasis added.)  *See also United States v. Blackmon*, 839 F.2d 900, 907 (2d Cir. 1988) ("This

court has unambiguously held that there is no *mens rea* requirement as to the purely jurisdictional

element of interstate communication under the wire fraud statute."); *United States v. Bryant*, 766

F.2d 370, 375 (8th Cir. 1985) ("But the words [of the statute] themselves, read literally, require only

that the wire communication *be* interstate, not that defendants *know* that it is to be interstate.");

*United States v. Lindemann*, 85 F.3d 1232, 1241 (7th Cir. 1996) ("It need not prove that the

interstate nature of the calls was foreseeable").

Accordingly, it is the Opinion of this Court that the foreseeability of the interstate character

of a wire is not required to sustain a conviction for wire fraud.  Additionally, the issue is contested

here and is a question for the jury at trial.

## III.   CONCLUSION

The Court, being otherwise fully and sufficient advised, **HEREBY ORDERS**:

a.      Defendant Catherine W. Baer's Motion to Dismiss [DE # 20] is hereby **DENIED**.

b.    Defendant Michael Byars motion to adopt his co-defendant's motion to dismiss is

DENIED AS MOOT.

This ⟋⟋ day of August, 2006.

KARL S. FORESTER, SENIOR JUDGE

6